Filed 9/9/24  P. v. Romero CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTONIO ROMERO,<br><br>    Defendant and Appellant. | F086927<br><br>(Kern Super. Ct. No. SF018666C)<br><br>**ORDER MODIFYING OPINION**<br>**[NO CHANGE IN JUDGMENT]** |

It is hereby ordered that the opinion filed herein on September 9, 2024, be modified as follows:

On page 4, the first sentence of the first full paragraph is modified as follows:

"On remand, the prosecutor elected not to retry count 3 or the gang enhancement, and the trial court again struck two of defendant's three prior felony convictions for purposes of Three Strikes sentencing."

Except for the modification set forth, the opinion previously filed remains unchanged.

This modification does not effect a change in the judgment.

MEEHAN, J.

WE CONCUR:


POOCHIGIAN, Acting P.J.


DETJEN, J.

Filed 9/9/24  P. v. Romero CA5 (unmodified opinion)

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>ANTONIO ROMERO,<br><br>  Defendant and Appellant. | F086927<br><br>(Super. Ct. No. SF018666C)<br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Brian M. McNamara, Judge.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Paul E. O'Connor, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Poochigian, Acting P. J., Detjen, J. and Meehan, J.

Defendant Antonio Romero's third appeal is pending before this court following remand pursuant to Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333), which amended Penal Code section 186.22,[1] effective January 1, 2022. Following the second resentencing in this case, defendant claims that the trial court abused its discretion under section 1385, subdivision (c), when it failed to dismiss two of three prior serious felony conviction enhancements despite the existence of mitigating factors. Following receipt of supplemental briefing on the issue of forfeiture, we conclude that defendant's failure to object to his sentence on the ground now advanced on appeal forfeits review of his claim and defense counsel did not render ineffective assistance of counsel (IAC). We affirm the judgment.

## PROCEDURAL BACKGROUND

Defendant and codefendants Randy Lee Torres and Ronald Anthony Beltran were charged and tried by jury for an allegedly gang-related attack on another inmate at Wasco State Prison. As summarized in our first opinion,[2] *Torres, supra*, F075891, defendant was convicted of assault by a prisoner by means of force likely to produce great bodily injury (GBI) (§ 4501, subd. (b); count 1), assault by means of force likely to produce GBI (§ 245, subd. (a)(4); count 2), and active participation in a criminal street gang (§ 186.22, subd. (a); count 3). On counts 1 and 2, the jury found the gang enhancement allegations true, but the GBI enhancement allegations not true. (§§ 186.22, subd. (b)(1), 12022.7, subd. (a).) In a bifurcated proceeding, the trial court found true that defendant suffered three prior serious felony convictions and served five prior prison terms. (§§ 667, subds. (a)–(i), 1170.12, subds. (a)–(d), 667.5, former subd. (b).)

Pursuant to defendant's request for relief under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*), at the sentencing hearing, the trial court struck two of

---

[1]  All further statutory references are to the Penal Code unless otherwise stated.

[2]  We previously granted defendant's request for judicial notice of our prior nonpublished opinions in *People v. Torres* (Mar. 16, 2020, F075891) (*Torres*) and *People v. Romero* (Oct. 20, 2022, F082169) (*Romero I*). (Evid. Code, §§ 452, subd. (d), 459.)

defendant's three prior serious felony convictions for purposes of sentencing under the "Three Strikes" law. (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d).) The court also struck all the prior prison term enhancements. (§ 667.5, former subd. (b).) Defendant was sentenced to the lower term of two years on count 1, doubled to four years for the prior strike conviction. The court also imposed and stayed a four-year term for the gang enhancement and imposed a 15-year term for the three prior serious felony conviction enhancements (§ 667, former subd. (a)(1)), for a total determinate term of 19 years in prison. The sentences on counts 2 and 3 were stayed under section 654.[3]

In *Torres*, *supra*, F075891, we reversed count 2 on the ground that it was a lesser included offense of count 1, remanded the matter under Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill 1393) (amending §§ 667, subd. (a)(1), 1385, eff. Jan. 1, 2019) and directed the trial court to strike rather than stay the punishment imposed for the gang enhancement attached to count 1, pursuant to section 186.22, former subdivision (g). We otherwise affirmed the judgment.

On remand, the trial court denied defendant's request for relief under Senate Bill 1393 and defendant timely appealed. In *Romero I, supra*, F082169, in light of Assembly Bill 333, we vacated defendant's conviction on count 3 for active participation in a criminal street gang and vacated the gang enhancement finding attached to count 1, and we ordered correction of the abstract of judgment to reflect imposition of a $300 restitution fine and a $300 parole revocation restitution fine, suspended. We also noted that if the prosecutor elected to retry defendant on the gang charges and he was convicted, section 654 as amended by Assembly Bill No. 518 (2021–2022 Reg. Sess.) (Assembly Bill 518) (eff. Jan. 1, 2022) would apply, and that Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill 81) (eff. Jan. 1, 2022 ) would apply upon resentencing.

---

[3] On count 2, the court imposed the lower term of two years, doubled to four years, with an additional four years for the gang enhancement, stayed under section 1385, former subdivision (c)(1). On count 3, the court imposed the lower term of 16 months, doubled to 32 months.

3.

On remand, the trial court elected not to retry count 3 or the gang enhancement, and the trial court again struck two of defendant's three prior felony conviction for purposes of Three Strikes sentencing. However, the court declined to strike the three prior felony conviction enhancements and sentenced defendant to a two-year term on count 1, doubled to four years, plus an additional 15 years for the prior conviction enhancements. Defendant timely appealed.

## DISCUSSION

### I. Procedural Background

As amended by Senate Bill 81, effective January 1, 2022, section 1385, subdivisions (a) through (c)(2), provides, with the relevant portions italicized:

> "(a) The judge or magistrate may, either on motion of the court or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons for the dismissal shall be stated orally on the record. The court shall also set forth the reasons in an order entered upon the minutes if requested by either party or in any case in which the proceedings are not being recorded electronically or reported by a court reporter. A dismissal shall not be made for any cause that would be ground of demurrer to the accusatory pleading.

> "(b) [¶] (1) If the court has the authority pursuant to subdivision (a) to strike or dismiss an enhancement, the court may instead strike the additional punishment for that enhancement in the furtherance of justice in compliance with subdivision (a).

> "(2) This subdivision does not authorize the court to strike the additional punishment for any enhancement that cannot be stricken or dismissed pursuant to subdivision (a).

> "(c) [¶] (1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.

> "(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.

4.

'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others.

"(A)   Application of the enhancement would result in a discriminatory racial impact as described in paragraph (4) of subdivision (a) of Section 745.

"(B)   *Multiple enhancements are alleged in a single case.*  In this instance, all enhancements beyond a single enhancement shall be dismissed.

"(C)   The application of an enhancement could result in a sentence of over 20 years.  In this instance, the enhancement shall be dismissed.

"(D)   The current offense is connected to mental illness.

"(E)   The current offense is connected to prior victimization or childhood trauma.

"(F)   *The current offense is not a violent felony as defined in subdivision (c) of Section 667.5.*

"(G)   The defendant was a juvenile when they committed the current offense or any prior offenses, including criminal convictions and juvenile adjudications, that trigger the enhancement or enhancements applied in the current case.

"(H)   *The enhancement is based on a prior conviction that is over five years old.*

"(I)   Though a firearm was used in the current offense, it was inoperable or unloaded."  (Italics added.)

We remanded this matter for resentencing in *Romero I, supra*, F082169, in October 2022, more than nine months after the effective date of Senate Bill 81 and with an express reference to the change in the law.  Remittitur issued in December 2022, the same month that the Court of Appeal in *People v. Walker* held that "section 1385's mandate to 'afford great weight' to mitigating circumstances erects a rebuttable presumption that obligates a court to dismiss the enhancement unless the court finds that dismissal of that enhancement—with the resultingly shorter sentence—would endanger public safety."  (*People v. Walker* (2022) 86 Cal.App.5th 386, 391, review granted

5.

Mar. 22, 2023, S278309.)  In January 2023, another Court of Appeal disagreed with *People v. Walker* and held that "the ultimate question before the trial court remains whether it is in the furtherance of justice to dismiss an enhancement.  To be sure, the Legislature has invested the enumerated mitigating circumstances with great weight, both in the trial court's evaluation of the defendant's evidence in the first instance and in the trial court's consideration of the mitigating circumstance once established.  But this does not preclude a trial court from determining that countervailing factors—other than the likelihood of physical or other serious danger to others—may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice." (*People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1098, review granted Apr. 12, 2023, S278894 (*Ortiz*).)  This created a split of authority that was very recently resolved by the California Supreme Court in *Walker*, in which the high court concurred with the analysis in *Ortiz* and rejected *People v. Walker*'s conclusion that section 1385 creates a rebuttable presumption.  (*People v. Walker* (Aug. 15, 2024, S278309) __ Cal.5th __ [2024 Cal. Lexis 4426, *10–12] (*Walker*).[4]

In August 2023, defense counsel filed a sentencing memorandum, 19 months after the amendment of section 1385, and seven months and eight months after the decisions in *Ortiz* and *People v. Walker*, respectively.  In the memorandum, counsel argued the court should strike or dismiss the prior felony conviction enhancements because multiple enhancements were alleged, the enhancements were more than five years old, and the present offense is not a violent offense within the meaning of section 667.5, subdivision (c).

In September 2023, defendant was resentenced.  Defense counsel submitted on her written memorandum.  The trial court reiterated that two of defendant's strike convictions were dismissed under *Romero*, and the court stated it had reviewed the sentencing memorandum and taken the changes in the law into consideration.  The court then

---

[4]     The decision in *Walker* is not yet final.

imposed an aggregate term of 19 years, 15 of which was based on the three prior felony conviction enhancements. Defense counsel did not ask the court to make a public safety finding or to make a record of its reasons for denying the motion, and counsel did not object to the sentence imposed.

On appeal, relying on *People v. Walker*, defendant argues that because the trial court did not find that striking the enhancements would endanger public safety, it was required to strike two of the three enhancements. He contends, "The trial court abused its discretion in failing to recognize there was a rebuttable presumption in favor of dismissing two of the three enhancements, and further in failing to decide whether dismissing those enhancements would endanger public safety, and remand for resentencing is required." (§ 1385, subd. (c)(2)(B), (H).) In supplemental briefing, in light of *Walker*, he argues that the forfeiture doctrine does not apply because counsel's sentencing memorandum set forth the law and requested the court give great weight to the mitigating factors, and even if this court finds the trial court was not required to expressly state the reasons for its sentencing choice, nothing in the record supports the sentencing decision.

On the merits, the People argue for the application of *Ortiz* rather than *People v. Walker*, and dispute that the trial court abused its discretion. In supplement briefing, they argue that defendant's failure to object forfeits review of his claim and defense counsel did not render IAC.

We conclude the forfeiture doctrine applies and that defense counsel's failure to object or request more specific findings be made did not constitute IAC.

## II. Forfeiture Doctrine

"'A party in a criminal case may not, on appeal, raise "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" if the party did not object to the sentence at trial. [Citation.] The rule applies to "cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor,

7.

misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons ....'''" (*People v. Scott* (2015) 61 Cal.4th 363, 406.) "Strong policy reasons support this rule: 'It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided. [Citations.]' [Citation.] '"""The law casts upon the party the duty of looking after his legal rights and of calling the judge's attention to any infringement of them. If any other rule were to obtain, the party would in most cases be careful to be silent as to his objections until it would be too late to obviate them, and the result would be that few judgments would stand the test of an appeal."'"'" (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114; accord, *People v. Salazar* (2016) 63 Cal.4th 214, 239–240; *People v. French* (2008) 43 Cal.4th 36, 46.)

"'[D]iscretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue.'" (*In re Sheena K.* (2007) 40 Cal.4th 875, 887–888, fn. 7.) Absent a substantive change in the law that applies retroactively (e.g., *People v. Salazar* (2023) 15 Cal.5th 416, 431–432; *People v. Stamps* (2020) 9 Cal.5th 685, 698–699), or an extenuating circumstance such as the futility of objecting under the then-governing substantive law (e.g., *People v. Perez* (2020) 9 Cal.5th 1, 7–8; *People v. Brooks* (2017) 3 Cal.5th 1, 92), neither of which is at issue here, the policy reasons underlying the forfeiture doctrine fully support its application where a defendant remains silent in the trial court when sentenced and then seeks to obtain appellate relief based on asserted sentencing errors that could have been raised at the time of sentencing.

Defense counsel filed a sentencing memorandum that summarized the law, identified the mitigating factors, and requested the court dismiss two of the three prior felony conviction enhancements, but we do not agree that was sufficient to preserve defendant's present claim that the trial court's sentencing decision was an abuse of discretion on the facts of this case, necessitating remand for resentencing. Although defendant asserts the memorandum "did not have the benefit of the decisions in [*People v.*] *Walker* or *Ortiz*," we interpret that to mean it did not include citations to and

8.

arguments based on those decisions given that both decisions long pre-dated the memorandum. Had defendant objected to his sentence on the grounds he now raises on appeal, the very errors he now asserts entitle him to reversal could have been corrected or the record otherwise developed as to the issues.

"[A] party cannot argue on appeal that the trial court erred in failing to conduct an analysis it was not asked to conduct" (*People v. Fruits* (2016) 247 Cal.App.4th 188, 208, fn. omitted), and strong policy reasons support application of the rule in the situation presented in this case (*People v. Stowell, supra*, 31 Cal.4th at p. 1114). Furthermore, "[a]bsent evidence to the contrary, we presume that the trial court knew the law and followed it." (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042.) Thus, "we presume that a judgment or order of the trial court is correct, '"[a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown."'" (*People v. Giordano* (2007) 42 Cal.4th 644, 666.)

In this instance, there is no indication the trial court misunderstood the scope of its sentencing discretion; the parties and the court were well aware of the amendment to section 1385 under Senate Bill 81; and they had the benefit of the appellate court decisions in *People v. Walker* and *Ortiz*. By failing to object to the court's sentencing decision or to the manner in which sentence was pronounced, defendant has forfeited review of his claim of sentencing error under section 1385.

## III. IAC

Although defendant does not address counsel's performance in his supplemental brief, we nevertheless consider whether the failure to object at sentencing demonstrates deficient performance and we conclude it does not.

To prevail on a constitutional claim of IAC, a defendant "'must satisfy a two-pronged showing: that counsel's performance was deficient, and that [he] was prejudiced, that is, there is a reasonable probability the outcome would have been different were it not for the deficient performance.'" (*People v. Woodruff* (2018) 5 Cal.5th 697, 736 (*Woodruff*), quoting *People v. Alexander* (2010) 49 Cal.4th 846, 888;

9.

accord, *Strickland v. Washington* (1984) 466 U.S. 668, 687 (*Strickland*).) "'[T]he standard for judging counsel's representation is a most deferential one.' (*Harrington v. Richter* (2011) 562 U.S. 86, 105 (*Richter*).) We 'must indulge a "strong presumption" that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight.' (*Bell v. Cone* (2002) 535 U.S. 685, 702.) 'Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge.' (*Richter*, at p. 105.)" (*In re Long* (2020) 10 Cal.5th 764, 773.)

Therefore, a "defendant's burden [is] 'difficult to carry on direct appeal,' as a reviewing court will reverse a conviction based on [IAC] on direct appeal only if there is affirmative evidence that counsel had "'no rational tactical purpose'" for an action or omission." (*People v. Mickel* (2016) 2 Cal.5th 181, 198, quoting *People v. Lucas* (1995) 12 Cal.4th 415, 437.) "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (*Strickland, supra*, 466 U.S. at p. 690; accord, *People v. Barrett* (2012) 54 Cal.4th 1081, 1105.) At issue here, "'[d]eciding whether to object is inherently tactical, and the failure to object will rarely establish ineffective assistance.'" (*People v. Carrasco* (2014) 59 Cal.4th 924, 985, quoting *People v. Hillhouse* (2002) 27 Cal.4th 469, 502.)

The trial court in this case was familiar with the parties and the facts. Although defendant had numerous prior convictions, unsatisfactory performance on probation and parole, and he committed an assault in prison only months after being sentenced to prison for assault with a deadly weapon or instrument other than a firearm, the court had determined that it was in the furtherance of justice to strike two of defendant's three prior felony convictions, which resulted in a determinate term of four years for the in-prison assault rather than an indeterminate life term. Under these circumstances, defense counsel may well have reasonably determined that an objection to the exercise of the court's sentencing discretion with respect to the enhancements, or a request for a more

10.

specific sentencing record, would not have been fruitful.  Furthermore, we conclude there is not a reasonable probability of a more favorable outcome had it not been for counsel's failure to either object or seek a more detailed record supporting the decision.  (*Woodruff, supra*, 5 Cal.5th at p. 739; see *Harrington v. Richter* (2011) 562 U.S. 86, 112 ["The likelihood of a different result must be substantial, not just conceivable."].)  This is not a case where there were no grounds for a finding that dismissal would endanger public safety, and this is not a case where there were no countervailing factors to "'neutralize even the great weight of the mitigating factors, such that dismissal of the enhancement is not in furtherance of justice.'"  (*Walker, supra*, __ Cal.5th at p. __ [2024 Cal. Lexis 4426, *15–16], quoting & citing *Ortiz, supra*, 87 Cal.App.5th at p. 1098.)  Accordingly, defense counsel was not ineffective.

## DISPOSITION

The judgment is affirmed.